**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: November 04 2009**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-34974 |
| | ) | |
| Kenneth L. Meggitt, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

**MEMORANDUM AND ORDER REGARDING
MOTION FOR RELIEF FROM STAY AND ABANDONMENT OF PROPERTY LOCATED AT
8906 S. HAYES AVENUE f/k/a 6712 PORTLAND ROAD, SANDUSKY, ERIE COUNTY, OHIO,
AND 1397 E. McPHERSON HIGHWAY, CLYDE, SANDUSKY COUNTY, OHIO**

The court held a final evidentiary hearing on the Motion of First Financial Bank, N.A., successor-in-interest by merger to Clyde Savings Bank and Community First Bank and Trust ("Movant" or "First Financial") for Relief from Stay and Abandonment as to real property located at 8606 S. Hayes Avenue, f/k/a 6712 Portland Road, Sandusky, Erie County, Ohio, ("Erie County Property") and 1397 E. McPherson Highway, Clyde, Sandusky County, Ohio ("Sandusky County Property") ("Motion") [Doc. # 29], and Debtor's Objection [Doc. # 45]. Movant asserts that it is a secured creditor of Debtor, claiming mortgage interests in both the Erie County Property and the Sandusky County Property. It seeks both relief from the automatic stay of 11 U.S.C. § 362(a) and abandonment of the mortgaged premises from the estate under 11 U.S.C. § 554. For the following reasons, the Motion will be granted as to relief from stay on the Sandusky County Property and denied as to relief from stay on the Erie County Property and as to abandonment of both properties.

## I. Relief from Stay under 11 U.S.C. § 362(d)

Relief from the automatic stay is governed by 11 U.S.C. § 362(d) which, in pertinent part, provides as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>  (A) the debtor does not have an equity in such property; and
>  (B) such property is not necessary to an effective reorganization.

Movant asserts § 362(d)(1) and (d)(2) as alternative grounds for relief. The specific cause it asserts for relief under § 362(d)(1) is a lack of adequate protection of its claimed mortgage interests in the two properties at issue resulting from Debtor's failure to make payments on the debt since February, 2009, and the declining value of the properties.

Congress set forth burdens of proof applicable to a motion for relief from stay in 11 U.S.C. § 362(g). Specifically, the party seeking relief has the burden of proof on the debtor's equity in property, and the party opposing relief has the burden of proof on all other issues. Notwithstanding these statutory burdens, a party seeking relief from stay still has the burden of going forward to establish a prima facie right to the relief requested before the burden shifts to the debtor to disprove that cause exists for relief from stay. *In re Bushee*, 319, B.R. 542, 551 (Bankr. E.D. Tenn. 2004); *In re Cambridge Woodbridge Apts., L.L.C.*, 292 B.R. 832, 841 (Bankr. N.D. Ohio 2003). In the context of secured creditors, this initial burden of going forward requires the Movant to establish (1) the amount of the debt owing to Movant by Debtor, (2) that Movant holds a perfected security interest in property of the estate, and (3) a showing of the right to relief it seeks under either § 362(d)(1) or (d)(2). *In re Planned Systems, Inc.*, 78 B.R. 852, 860 (Bankr. S.D. Ohio 1987); *In re Elmira Litho, Inc.*, 174 B.R. 892, 900-902 (Bankr. S.D.N.Y. 1994).

As explained below, Movant has made a *prima facie* showing of cause that it is entitled to relief under § 362 as to the Sandusky County Property but has failed to make such a showing as to the Erie County Property.

**A. Sandusky County Property (1397 McPherson Highway, Clyde, Ohio)**

With respect to Movant meeting its burden of going forward, the court admitted evidence that shows the amount of the debt owed to Movant with respect to this property at the time of the hearing was

2

$418,608.64, with interest accruing at a rate of 6.38% per annum. This is based upon the testimony of Kevin France, a vice-president of First Financial, business records of Movant and a foreclosure judgment entered in Sandusky County Court of Common Pleas. [Movant's Exs. 3 & 4]. The state court foreclosure judgment also establishes the validity and priority of a perfected lien in the property held by Movant to secure repayment of the debt. [Movant's Ex. 3].

Movant has also established a *prima facie* case of cause for relief from stay under § 362(d)(1). Debtor has entered into an Asset Purchase Agreement to sell not only the real estate owned by him but also a liquor license associated with the property and other personal property owned by a limited liability company in which Debtor is the sole member. The agreement is the subject of a pending motion to sell free and clear of liens that is before this court.[1] [*See* Doc. # 91]. The Asset Purchase Agreement ("Agreement") allocates $370,000 of the $410,000 agreed purchase price to the real estate, and the remaining amounts to the liquor license and personal property being sold by the limited liability company. The parties stipulated that $370,000 is the fair market value of the real estate. Movant also offered France's testimony, which the court credits as probative on the issue, that the value of the Sandusky County Property is declining. Finally, both France and Debtor testified at the hearing that no payments have been made on the debt since February 19, 2009. While, as discussed more fully below, missed prepetition or postpetition payments to a secured creditor do not necessarily always establish cause for relief from stay, the court finds that evidence of Debtor's default, in conjunction with the demonstrated lack of any equity cushion and evidence of declining value, does establish a *prima facie* case of cause.

Movant having met its burden of going forward under § 362(d)(1), the burden of persuasion shifts to Debtor to prove the absence of cause. 11 U.S.C. § 362(g). A debtor may do this by demonstrating that the Movant's interest in property is adequately protected. *In re Dupell*, 235 B.R. 783, 789 (Bankr. E.D. Pa. 1999). Although Debtor has entered into an Asset Purchase Agreement to sell the Sandusky Property, he has failed to show that the Agreement adequately protects Movant's interest in the property. The Agreement is subject to the buyer obtaining financing and requires the sale to be closed by July 31, 2009, unless the parties mutually agree to a later closing date. [*See* Doc. # 91, Ex. D, ¶¶ 4, 8]. Debtor offered no evidence regarding the likelihood of the buyer obtaining the necessary financing and no evidence that the parties to the Agreement have agreed to extend the time by which the sale is required to close. No further evidence

---

[1] The court takes judicial notice of the contents of its case docket and the Debtors' schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

3

or argument regarding adequate protection of Movant's interest in the Sandusky County Property has been offered. Debtor having therefore failed to meet his burden of proving adequate protection, the court finds that Movant is entitled to relief from the automatic stay under § 362(d)(1).

Relief under § 362(d)(2) is in the alternative. Movant need only be entitled to relief under either § 362(d)(1) or § 362 (d)(2), not both. Having determined that it is entitled to relief for cause under § 362(d)(1), the court will still address Movant's entitlement to relief under § 362(d)(2). Movant has the burden of persuasion that Debtor has no equity in the property. 11 U.S.C. § 362(g). As discussed above, the evidence shows that the fair market value is only $370,000, while the debt owed to Movant is $418,608.64, plus interest. On that evidence alone, Movant has met its burden of persuasion.

Movant having met its burden of persuasion on this issue, it was then incumbent upon Debtor to show that the Sandusky County Property is necessary to an effective reorganization. *Id.* In order to meet his burden, "a debtor must prove that the property is important to the reorganization and that the planned reorganization is feasible." *In re Cambridge Woodbridge Apts., L.L.C.,* 292 B.R. at 840 (citing *United Savs. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 376 (1988). "A planned reorganization is feasible when there is 'a reasonable possibility of a successful reorganization within a reasonable time.'" *Id.* (quoting *Timbers*, 484 U.S. at 376).

In this case, Debtor offers no evidence of even the outline of a potential plan of reorganization, has submitted no monthly financial reports to the court since the commencement of the case, and reports only $1,000 of monthly income on his Bankruptcy Schedule I. And he testified that he receives no income from the limited liability companies of which he is a member. His only assertion regarding this issue is that he has a motion to sell the Sandusky County property and business located thereon pending before the court.[2] However, that, without more, is insufficient to show that there is a reasonable prospect of effectively reorganizing. The court therefore finds that Movant is also entitled to relief under § 362(d)(2) as to the Sandusky County property.

**B. Erie County Property (8606 S. Hayes Avenue [f/k/a 6712 Portland Road], Sandusky, Ohio)**

At the hearing, Movant offered, and the court admitted, evidence that the amount of the debt at the time of hearing was $353,221.97, with interest accruing at a rate of 9.375% per annum. This is based upon the testimony of France, business records of Movant and a foreclosure judgment entered in Erie County

---

[2] In this motion, Debtor seeks an order permitting him to sell the real estate as well as the business located thereon free and clear of liens. [*See* Doc. # 91]. It is not clear whether or not there are any liens on the business property, but, since the business property is not owned by Debtor but by an LLC, it is clear that this court has no jurisdiction to order the sale of the business property free and clear of liens.

Court of Common Pleas. [Movant's Exs. 2 & 5]. The state court foreclosure judgment also establishes the validity and priority of a perfected lien in the property held by Movant. [Movant's Ex. 2]. Thus, Movant has met its burden of going forward insofar as showing the amount of the debt and that it holds a perfected security interest in property of the estate. However, for the following reasons, the court finds that Movant has failed to make a *prima facie* showing of the right to the relief it seeks under either § 362(d)(1) or (d)(2).

Movant asserts as cause for relief under § 362(d)(1) a lack of adequate protection resulting from Debtor's failure to make payments and a declining value of the property. It offered the expert testimony of licensed appraiser John Fleegle that the fair market value of the Erie County Property as of October 15, 2009, was $421,000. This evidence, together with evidence of the amount owed being $353,221.97, shows that Movant had an equity cushion of $67,778 at the time of the hearing.

Both France and Debtor testified that no payments have been made on the debt relating to this property since February 19, 2009. In several different contexts, courts have held that a debtor's continued failure to make payments to a secured creditor can constitute cause for relief from stay under § 362(d)(1). *In re Markowitz Building Company*, 84 B.R. 484, 487 (Bankr. N.D. Ohio 1988) (Chapter 11 case); *In re Hinchliffe*, 164 B.R. 45, 48-49(Bankr. E.D. Pa. 1994) (case converted from Chapter 11 to Chapter 7); *In re Wright, Egan & Assoc.*, 60 B.R. 806, 807(Bankr. E.D. Pa. 1986) (Chapter 11 case); *In re Raymond C.Q.K.T.N.W. Tainan, III*, 48 B.R. 250,252 (Bankr. E.D. Pa. 1985) (Chapter 13 case, with 15 missed pre-petition payments and 6 missed post-petition payments). Some courts distinguish between the failure to make post-petition payments, as constituting cause for relief, and the failure to make pre-petition payments, as not constituting cause for relief because virtually every debtor has a pre-petition default. *In re Dupell*, 235 B.R. at 788-89, n.1. Other courts consider the magnitude and duration of the default in determining whether the failure to make payments to a secured creditor constitutes cause for relief. *Cf. In re Bennett*, 1998 Bankr LEXIS 1832, at 14-17 (Bankr. S.D. Ohio 1998)(failure to make mortgage payments "over the past few months" does not establish cause, including but not limited to lack of adequate protection).

This court declines to adopt a *per se* rule that any missed pre-petition or post-petition payment to a secured creditor establishes cause for relief from stay. *See In re Nichols*, 440 F.3d 850, 856 (6th Cir. 2006)("[t]he failure to make payments, standing alone, however, does not usually constitute 'cause' to modify or lift the stay"); *In re Avila*, 311 B.R. 81, 83-84 (Bankr. N.D. Cal. 2004). Rather, as the court has previously found in other cases, *see, e.g., In re Wagner*, Case No. 02-32794 (Bankr. N.D. Ohio April 1, 2003), it is necessary to examine the magnitude and duration of the payment default, both pre-petition and post-petition, in light of all of the circumstances of the case to determine whether a prima facie case of cause

5

for relief from stay has been established under § 362(d)(1). *See In re Avila*, 311 B.R. at 83-84. In this case, the court finds that the evidence of Debtor's payment defaults does not establish a prima facie case for relief under § 362(d)(1).

As noted above, the evidence offered by Movant shows that it has a $66,778 equity cushion. Although Debtor has the ultimate burden of persuasion on the issue of adequate protection, this evidence tends to show that Movant's interest in the Erie County Property is adequately protected, negating cause for relief from stay. *Cf. In re Elmira Litho, Inc.*, 174 B.R. at 903-04 (in Chapter 11 case, noting distinction between lack of equity in property and equity cushion, and relative burdens of proof with respect to same). Nevertheless, Movant also offered the testimony of both France and Fleegle that the property is declining in value. However, neither witness quantified the degree to which he believed such a decline is being experienced. In order to address the equity cushion in evidence, it was incumbent upon Movant to come forward with some evidence showing the degree or the rate of decline in value. *See id.* (explaining that such a showing can be made by evidence that the collateral was worth more at an earlier date than at the date of the hearing or some future date or by evidence of the marginal or periodic rate of decline during the postpetition period). Although Movant's equity cushion may be eroding due to both interest accruing at 9.375% and the declining value of the property, given a 16% equity cushion and Movant's lack of evidence quantifying the decline in value, the court finds that it has not met its burden of establishing a *prima facie* case of cause for relief under § 363(d)(1).

Movant has also failed to meet its burden of persuasion under § 363(d)(2) that Debtor has no equity in the Erie County Property. "Under § 362(d)(2), 'equity' means the difference between the value of the property and the total amount of claims that it secures. *In re Elmira Litho, Inc.*, 174 B.R. at 901. The only evidence before the court of claims secured by the Erie County Property is the foreclosure judgment entered in the Erie County Court of Common Pleas. [Movant's Ex. 2]. Pursuant to that judgment entry, the state court found that Movant holds four valid mortgage liens on the Erie County Property and that the Erie County Treasurer had a valid and paramount lien for real estate taxes. [*Id.* at ¶¶ 5, 7]. As discussed above, Movant demonstrated that the amount of the debt owed to it by Debtor at the time of the hearing was $353,221.97. However, it offers no evidence, and the judgment entry is silent, as to the amount owed to the Erie County Treasurer.[3] Also, the judgment entry states that a number of other entities that were served with the summons and foreclosure complaint had asserted their respective interests in the Erie County

---

[3] Debtor's Bankruptcy Schedule E lists shows property taxes as being past due on the Sandusky County Property only. It is silent as to property taxes owed to the Erie County Treasurer. [*See* Movant's Ex. 7, Sched. E].

6

Property. But the state court made no findings as to the validity or the amount of those interests. Thus, Movant has failed to show that the sum of all claims secured by the Erie County Property meets or exceeds the $421,000 value of the property.

For the foregoing reasons, Movant is not entitled to relief from stay under either § 362(d)(1) or (d)(2) with respect to the Erie County Property.

## II.     Abandonment under 11 U.S.C. § 554

Movant also requests that the court direct abandonment of both properties from the estate under § 554. An order granting relief from the automatic stay does not constitute a *de facto* abandonment. *Catalano v. Comm'r*, 279 F.3d 682, 686-87 (9th Cir. 2002). Nor does relief from stay to proceed with foreclosure proceedings mandate abandonment of property. *See, e.g., In re House and Hearth Plano Pkwy., L.P.*, 320 B.R. 596, 603, n.6 (Bankr. N.D. Tex. 2004)(stay relief granted without abandonment and property sold at foreclosure sale; parties litigated whether surplus proceeds of foreclosure sale were property of the bankruptcy estate).

Section 554(b) provides:

> On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

Therefore, "before ordering abandonment, the bankruptcy court must find either: 1) the property is burdensome to the estate; or, 2) the property is both of inconsequential value and inconsequential benefit to the estate." *Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.)*, 816 F.2d 238, 245 (6th Cir. 1987). In the Sixth Circuit's view, "[t]he only issue before the court in an application for abandonment is whether there is a reason that the estate's interest in the property should be preserved or, instead, whether the property is so worthless or burdensome to the estate that it should be removed therefrom." *Id.* at 246 (quoting *In re Tyler*, 15 B.R. 258 (Bankr. E.D. Pa. 1981)). The party seeking abandonment has the burden of proof. *In re Alexander*, 289 B.R. 711, 715 (B.A.P. 8th Cir. 2003).

With respect to the Erie County Property, Movant has failed to show that the property is burdensome to the estate or, as discussed above, that it is of inconsequential value. On the evidence before the court, Debtor has equity in the property. Administration of the property, therefore, will likely benefit the estate.

With respect to the Sandusky County Property, there also has been no showing that the property is burdensome to the estate. The Asset Purchase Agreement for the sale of the Sandusky County Property includes not only the sale of the real estate owned by Debtor but also the liquor license and business operated at that location, both of which are owned by the limited liability company in which Debtor is the

sole member. Although Debtor has no equity in the property, Debtor's membership interest in the limited liability company is property of the bankruptcy estate. [Movant's Ex 7, p.5/37]. Under the Agreement, the purchase price of assets owned by the limited liability company is $40,000. There is no evidence that these assets are encumbered. Because Debtor's interest in the limited liability company is property of the bankruptcy estate, the real estate is a benefit to the estate to the extent not now known that the business and liquor license can still be sold with the real estate as a going concern, bringing value to the estate by maximizing the value of the limited liability company and Debtor's membership interest therein. *See In re Renaissance Stone Works, L.L.C*, 373 B.R. 817 (Bankr. E.D. Mich. 2007)(differentiates between abandonment and sale of collateral). The court, therefore, finds that there is a reason that the estate's interest in the property should be preserved at this time and that the Sandusky County Property is thus not of inconsequential benefit to the estate notwithstanding relief from stay. *See In re K.C. Mach. & Tool Co.*, 816 F.2d at 247 (differentiates between value of property and benefit to the estate).

## CONCLUSION

For the foregoing reasons, the court will grant the requested relief from the automatic stay with respect to the Sandusky County Property and deny such relief with respect to the Erie County Property. As to both properties, the court will deny Movant's request for abandonment.

**IT IS, THEREFORE, ORDERED**:

1. The Motion [Doc. # 29] is **GRANTED** insofar as the automatic stay imposed by § 362 of the Bankruptcy Code is terminated with respect to the interest of Movant, its successors, and assigns in real property located at 1397 McPherson Highway, Clyde, Sandusky County, Ohio, to the extent necessary to proceed with the sale of said property pursuant to the state court's Default Judgment Entry and Decree in Foreclosure, Final Appealable Order [Movant's Ex. 4] and is **DENIED, without prejudice,** insofar as abandonment of that property from the estate is requested; and

2. The Motion is **DENIED, without prejudice,** insofar as relief from stay and abandonment is requested with respect to real property located at 8606 S. Hayes Avenue (f/k/a 6712 Portland Road), Sandusky, Erie County, Ohio.